United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-40309

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN UVALLE-PATRICIO, also known as Ruben Patricio Uvalle, also known as
Ruben Patrick Uvalle, also known as Heriberto Uvalle, also known as Heriberto
Ovalle, also known as Raul Valle, also known as Jesse Fuentes, also known as
Alfredo Duran, also known as Ruben Uvalle,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(No. 5:04-CR-1713)

_____

Before SMITH, GARZA, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

In this criminal appeal, the defendant contests his conviction for possession of blank

immigration permits in violation of 18 U.S.C. § 1546(a). For the reasons that follow, we affirm.

**I. FACTS AND PROCEEDINGS**

Ruben Uvalle-Patricio, a U.S. citizen, was returning to the United States from Mexico by car.

At a border checkpoint, Border Patrol agents interviewed Uvalle-Patricio and the car's other

occupants. An agent walked a dog around the vehicle, and the dog alerted to the driver's-side door.

After being referred to secondary inspection, Uvalle-Patricio consented to the search of his trunk.

Searching the trunk of Uvalle-Patricio's car, a Border Patrol agent discovered a blank I-551 form, commonly known as a "green card," under the spare tire cover. The dog was led around the car again, and, as before, the dog alerted to the driver's side door. When the door was opened, the dog alerted to the driver's-side floorboard. Beneath the carpet and inside an envelope, the Border Patrol agent discovered several false documents, including forty-three blank I-551 forms printed on four sheets, thirty-three blank social security cards printed on four sheets, and two false Puerto Rican birth certificates. Uvalle-Patricio was arrested on the scene.

A grand jury indicted Uvalle-Patricio for possession of blank immigration permits in violation of 18 U.S.C. § 1546. The indictment provided that Uvalle-Patricio "did knowingly possess blank immigration permits, to wit, forty-three (43) I-551, Resident Alien Card, which possession was not authorized by direction of the Attorney General or the Commissioner for the Immigration and Naturalization Service, or other proper officer of the United States."

Following the submission of the Government's case, Uvalle-Patricio moved for a judgment of acquittal, under FED. R. CRIM. P. 29(a). According to Uvalle-Patricio, the provision in 18 U.S.C. § 1546(a) forbidding the "possess[ion of] any blank permit" refers only to genuine immigration documents. Because the blank immigration documents in his car were false, Uvalle-Patricio contended that he did not violate the statutory provision with which he was charged. The district court denied Uvalle-Patricio's motion. Uvalle-Patricio renewed the Rule 29(a) motion after the jury began deliberations but before the jury returned its verdict, and the district court, again, denied relief. During trial, Uvalle-Patricio also preserved two evidentiary rulings by the district court.

The jury found Uvalle-Patricio guilty of possession of blank immigration permits. The district

court entered a judgment of conviction and sentenced him to forty-six months imprisonment. In addition, the district court ordered Uvalle-Patricio to perform community service, imposed a three-year term of supervised release with special conditions, and assigned a $100 special assessment. Uvalle-Patricio now appeals.

## II. STANDARD OF REVIEW

A Rule 29(a) motion for a judgment of acquittal is a challenge to the sufficiency of the evidence to sustain a conviction. This court reviews a district court's denial of a timely motion for a judgment of acquittal de novo.[1] *United States v. Bellew*, 369 F.3d 450, 452 (5th Cir. 2005) (citing *United States v. Greer*, 137 F.3d 247, 249 (5th Cir. 1998)). "Issues of statutory interpretation are also reviewed de novo." *United States v. Hanafy*, 302 F.3d 485, 487 (5th Cir. 2002) (emphasis omitted).

When the defendant challenges the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). *See also United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir.) (applying *Jackson*), *cert. denied*, 126 S. Ct. 672 (2005). The appellate court must view the evidence "in the light most favorable to the verdict" and assume that the Government's evidence

---

[1]Where a defendant fails to timely renew a Rule 29 motion for acquittal, this court will not vacate a conviction absent a "manifest miscarriage of justice." *United States v. Burton*, 324 F.3d 768, 770 (5th Cir. 2003) (internal quotation omitted). The record does not reflect that Uvalle-Patricio moved for a judgment of acquittal under Rule 29(c) after the return of the verdict. The Government does not address whether Uvalle-Patricio timely renewed his Rule 29(a) motion at trial. As the result of this appeal is the same regardless of the standard of review, we need not rule on the effect of Uvalle-Patricio's renewal of the Rule 29 motion after the jury had deliberated but before the verdict was returned.

is true. *Lopez-Urbina*, 434 F.3d at 757. But the evidence presented must allow the jury "to find every element of the offense beyond a reasonable doubt." *United States v. Redd*, 355 F.3d 866, 872 (5th Cir. 2003) (internal quotation omitted).

## III.  DISCUSSION

**A.    Possession of false-but-blank immigration documents**

As he did before the district court, Uvalle-Patricio contends that the 18 U.S.C. § 1546(a) prohibition of the "possess[ion of] blank permits" refers only to genuine permits, not false ones. Section 1546 provides in part:

> Whoever knowingly forges, counterfeits, alters, or falsely makes any . . . [immigration] permit . . . or . . . *possesses . . . any such . . . permit . . .* , knowing it to be forged, counterfeited, altered, or falsely made . . . ; or

> Whoever, except under direction of the Attorney General . . . *knowingly possesses any blank permit*, . . . or makes any print, photograph, or impression in the likeness of any . . . permit . . . , or has in his possession a distinctive paper which has been adopted by the Attorney General . . . for the printing of such visas, permits, or documents; . . .

> Shall be fined under this title or imprisoned not more than . . . 10 years . . . .

18 U.S.C. § 1546(a) (emphasis added).

The first paragraph of § 1546(a) criminalizes possession of forged immigration documents. *Cf. United States v. Principe*, 203 F.3d 849, 852 (5th Cir. 2000) ("Those acts described in the first paragraph revolve around a defendant's individual procurement, possession, or use of various fraudulent immigration documents."). Specifically, the first paragraph prohibits "knowingly forg[ing], counterfeit[ing], alter[ing], or falsely mak[ing] any immigrant or nonimmigrant . . . permit." In

addition, the statutory provision prohibits the "possess[ion of] . . . any such . . . permit," but only if the defendant possessed the false document "knowing it to be forged, counterfeited, altered, or falsely made." 18 U.S.C. § 1546(a). For a conviction under the first paragraph, the Government must prove (1) knowing possession of (2) false documents (3) that are known by the possessor to be false.

The second paragraph of § 1546(a), as a whole, criminalizes possession of materials that can be used to produce false immigration documents. *Cf. Principe*, 203 F.3d at 852 ("The second paragraph concerns a defendant's procurement, possession, or use of materials which would enable the defendant to manufacture or provide various fraudulent immigration documents to others."). As is relevant to Uvalle-Patricio's charge, the second paragraph prohibits "knowingly possess[ing] any blank permit" without authorization by specified government officials.

The Government clearly charged Uvalle-Patricio with violating only the second paragraph of § 1546(a).[2] There is no real question that the Government proved the elements that the jury was asked to consider: (1) knowing possession of (2) blank immigration documents (3) without official permission. But there also is no question that the documents did not derive from an official governmental source. As a result, for Uvalle-Patricio's conviction to stand, "any blank permit" must include false immigration documents.

---

[2]In view of the evidence available to the Government, it appears that the Government could have probably prosecuted Uvalle-Patricio under the first paragraph; possession of false-but-blank immigration documents has been prosecuted under the first paragraph. *See, e.g., United States v. Price*, 990 F.2d 1264 (9th Cir. 1993) (unpublished). So long as both paragraphs criminalize the conduct, however, the decision of which paragraph to charge is certainly within the Government's discretion. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); *United States v. Lawrence*, 179 F.3d 343, 348 (5th Cir. 1999) ("We allow the government discretion to decide which individuals to prosecute, which offenses to charge, and what measure of punishment to seek.").

In their interpretation of the statute, the parties' focus is limited to the paragraph in which the contested language appears; both claim that the plain language of the statute supports their respective positions. Uvalle-Patricio argues in favor of a restrictive reading of the statute that would limit the offending conduct to possession of blank documents that were created by the federal Bureau of Engraving and Printing. The Government urges a broader interpretation and asserts that the unlimited language and the disjunctive nature of the statute support an unrestricted interpretation of "any blank permit." Based on a reading of the statute's provisions in context, we agree with the Government, albeit for slightly different reasons, that the second paragraph of § 1546(a) forbids the possession of blank immigration documents whether the documents be genuine or false.

"When interpreting statutes, we begin with the plain language used by the drafters. Furthermore, each part or section of a statute should be construed in connection with every other part or section to produce a harmonious whole." *United States v. Williams*, 400 F.3d 277, 281 n.2 (5th Cir. 2005) (internal citation omitted). Cognizant of these directives, we turn to the statute in question.

The language of the statute suggests a broader construction than that urged by the defendant. As noted, the second paragraph of § 1546(a) prohibits "knowingly possess[ing] any blank permit." The use of "any," which modifies "blank permit," § 1546(a), "undercuts the attempt to impose this narrowing construction." *Salinas v. United States*, 522 U.S. 52, 56 (1997) (citing *United States v. James*, 478 U.S. 597, 604–05 & n.5 (1986), and *Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 529 (1947)). Moreover, the use of "or" separates the possession of blank documents from the other proscribed conduct that addresses possession of authentic materials. *See* 18 U.S.C. § 1546(a) (forbidding "knowingly possess[ing] any blank permit . . . *or* [the possession of] a distinctive paper

which has been adopted by the Attorney General . . . for the printing of [immigration documents]") (emphasis added). *Cf. United States v. Holmes*, 822 F.2d 481, 486 (5th Cir. 1987) (emphasizing that the use of "or" results in a disjunctive interpretation). The statute's use of "or" indicates that several different activities are punishable under it, thereby creating distinct categories and suggesting that conduct related to "any blank permit" is distinct from proscribed conduct related to authentic materials.

Additionally, while at first the use of the term "permit" might appear to suggest a restriction to genuine documents in light of the statute's use of the phrase "except under direction of the Attorney General," a later part of the statute shows this not to be the case: the broad language "any print, photograph, or impression in the likeness of any . . . permit," indicates that the statute covers both genuine and false documents.

In addition to the statute's plain language, we must consider the operation of the statute as a whole and in context with other provisions. The first paragraph of the statute prevents individuals from possessing false permits. The second paragraph of the statute prevents individuals from possessing blank permits without authorization from the government. Reading "any blank permits" to include both genuine and false blank documents not only comports with the plain language of the statutory text but also results in a seamless operation of the statute.

Uvalle-Patricio's reading of the statute, conversely, runs counter to the expansive language Congress used and would also lead to incongruent results. By reading "any blank permit" to exclude false-but-blank documents, the possession of those documents, like those Uvalle-Patricio had, would not be a criminal act if the possessor *believed* them, in error, to be genuine. Such a reading would render conduct—the knowing possession of blank immigration documents—non-criminal simply

- 7 -

because the possessor was under the mistaken belief that the documents were genuine. The statute's construction does not indicate that this sort of conduct was meant to be excluded from criminal punishment. We will not adopt a reading that leads to such incongruent results.

We therefore hold that "any blank permit" includes both genuine and false immigration documents. Accordingly, we reject Uvalle-Patricio's challenges to the denial of his Rule 29 motion and the sufficiency of the evidence.

## B.      Evidentiary challenges

Uvalle-Patricio preserved two evidentiary rulings: First, he asserts that the Border Patrol agent who handled the dog at the checkpoint should not have been admitted as an expert on the lingering effects of odor. Second, he maintains that the admission of a comprehensive compendium of his immigration dealings, called an "A-file," violated his rights under the Confrontation Clause. But Uvalle-Patricio does not argue, let alone establish, that any harm resulted from these rulings.

Even if we were to determine the district court erred in rendering these evidentiary rulings, which we assume but do not hold, Uvalle-Patricio's failure to establish any harm is fatal to both evidentiary claims. *See United States v. Bell*, 367 F.3d 452, 468 (5th Cir. 2004) (stating that evidentiary errors that violate constitutional rights will not result in reversal if harmless beyond a reasonable doubt); *United States v. Buck*, 324 F.3d 786, 790 (5th Cir. 2003) (providing that non-constitutional errors in the admission of evidence will not result in reversal if harmless). In the absence of a showing of any harm, we will not reverse a conviction only on the basis of an erroneous evidentiary ruling. Accordingly, we reject Uvalle-Patricio's evidentiary claims.

## IV.  CONCLUSION

Finding no reversible error, we AFFIRM.