United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 06-50764
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LICETTE ANEL LECHUGA,

Defendant-

Appellant.

----------------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1913-1
----------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

Licette Anel Lechuga appeals her jury conviction for conspiracy to import and importation

of more than 500 grams of methamphetamine. She argues that the evidence was insufficient to

establish beyond a reasonable doubt that she knew that the vehicle she was driving contained

methamphetamine hidden in a secret compartment in the gas tank. She also argues that the evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

was insufficient to establish that she was aware of and agreed to join and participate in a conspiracy to import methamphetamine.

Because Lechuga moved for a judgment of acquittal at the close of the Government's case, which motion she renewed at the close of all of the evidence, the standard of review in assessing her sufficiency challenge is whether a "reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007). "[T]he evidence . . . must be considered in the light most favorable to the government, giving the government the benefit of all reasonable inferences and credibility choices." *United States v. Inocencio*, 40 F.3d 716, 724 (5th Cir. 1994).

A review of the record indicates that a reasonable trier of fact could have found that the evidence established beyond a reasonable doubt that Lechuga knew that the methamphetamine was hidden in the vehicle and therefore that she conspired to import and imported 12.3 pounds of methamphetamine. *See Jackson*, 443 U.S. at 319; *Uvalle-Patricio*, 478 F.3d at 701. A jury could have inferred Lechuga's knowledge that the methamphetamine was hidden in the vehicle from the following evidence: her nervousness and talkative demeanor when stopped at the border; her inconsistent statements concerning the purchase and registration of the car; and her implausible explanation of her actions. Further evidence of Lechuga's knowledge of the methamphetamine includes Rodriguez's testimony that: Lechuga promised Rodriguez would be paid $2000 to take the trip; after Rodriguez refused to register the car in Rodriguez's name, Lechuga agreed to register the car in Lechuga's name; and Lechuga attempted to obtain identification indicating that she lived in Colorado even though she actually lived in Aurora, Illinois. The jury heard Lechuga's testimony

concerning her version of the events and alleging that Rodriguez and several agents lied; the jury determined that her testimony was not credible and rejected it. The jury could also reasonably have inferred that Lechuga would not have been entrusted with transporting such a large, valuable quantity of methamphetamine if she did not know that she was transporting illegal drugs. *See United States v. Villarreal*, 324 F.3d 319, 324 (5th Cir. 2003) (over 600 pounds of hidden marijuana); *United States v. Garcia-Flores*, 246 F.3d 451, 455 (5th Cir. 2001) (more than 300 pounds of hidden marijuana); *United States v. Ramos-Garcia*, 184 F.3d 463, 465-66 (5th Cir. 1999) (70 pounds of hidden marijuana). Based on Lechuga's nervous and talkative demeanor at the border, her implausible explanations of her actions, her inconsistent statements, Rodriguez's testimony, and the value of the hidden methamphetamine, a rational trier of fact could have found that the evidence was sufficient to establish beyond a reasonable doubt that she knew there were illegal drugs hidden in the vehicle when she attempted to cross the border into the United States. *See United States v. Ortega Reyna*, 148 F.3d 540, 544 (5th Cir. 1998). Accordingly, Lechuga's conviction is AFFIRMED.