# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 26, 2013

Lyle W. Cayce
Clerk

No. 11-20711

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

FRED JOSEPH COOPER,

Defendant – Appellant

Appeals from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, DAVIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Fred Joseph Cooper appeals on various grounds his conviction for a number of drug and firearms offenses.  We AFFIRM.

## FACTS AND PROCEEDINGS

After police officers in Houston, Texas, observed Cooper participating in suspected drug deals in the parking lot of a gym and a nearby house, they arrested Cooper and his suspected counter-party, Troy Booker, in separate traffic stops.  The arresting officers found $1,724 in cash on Cooper's person and in his vehicle, as well as approximately 250 grams of powder cocaine in his vehicle.  The officers found a similar quantity of powder cocaine in Booker's vehicle.  Executing a search warrant at Cooper's house, police found close to 700

No. 11-20711

grams of powder cocaine, an additional amount of crack cocaine, drug distribution paraphernalia, and over $45,000. They also found three firearms in the vicinity of the drugs and money: a .22 caliber revolver, a .45 caliber semiautomatic pistol, and a .30-30 caliber rifle.

Cooper was charged by superceding indictment with: possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1); possession with intent to distribute five grams or more of cocaine base, also in violation of 21 U.S.C. § 841(a)(1) (Count 3); possession of two firearms, the .45 and the .30-30, "during and in relation to . . . drug trafficking crime[s]," in violation of 18 U.S.C. §§ 924(c)(1)(A)(i); (c)(1)(C)(i) (Counts 2 and 4); and possession of all three firearms as a felon in violation of 18 U.S.C. § 922(g)(1) (Count 5).

Cooper proceeded to trial, and the jury convicted him of all five charges. The district court sentenced him to 121 months' imprisonment on each of Counts 1 and 3, 60 months' imprisonment on Count 2, 120 months' imprisonment on Count 5, and 300 months' imprisonment on Count 4. With the sentences on Counts 1 and 3 ordered to run concurrently, this verdict resulted in a total sentence of 481 months' imprisonment. Cooper timely appeals.

## DISCUSSION

On appeal, Cooper raises five distinct issues: (A) he challenges the sufficiency of his indictment with respect to Counts 2 and 4; (B) he charges improper constructive amendment of his indictment with respect to the same two counts by the district court in its jury instructions; (C) he alleges an abuse of discretion in the district court's failure to dismiss a juror challenged for cause; (D) he asserts that the district court erred in determining that he was not entitled to a lesser-included-offense jury instruction on Count 3; (E) he claims that the Government violated his rights under the Fifth Amendment's Due Process Clause when it questioned a police officer at trial about whether Cooper

2

had consented to a warrantless search of his home; and (F) he contends that the Government failed to meet its evidentiary burden on his firearms convictions as it did not prove that the firearms he possessed were functional.

## A. The sufficiency of the indictment

### 1. Standard of review

The sufficiency of an indictment is a legal question reviewed *de novo*. *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011). An indictment is legally sufficient if (1) "each count contains the essential elements of the offense charged," (2) "the elements are described with particularity," and (3) "the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999) (quoting *United States v. Lavergne*, 805 F.2d 517, 521 (5th Cir. 1986)).

### 2. Analysis

18 U.S.C. § 924(c)(1)(A) proscribes two different types of conduct: the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime" and the possession of a firearm "in furtherance of any such crime." § 924(c)(1)(A). Counts 2 and 4 of Cooper's indictment, which alleged violations of 18 U.S.C. § 924(c), were each captioned "Possessing a Firearm *in Furtherance of* a Drug Trafficking Crime" (emphasis added) but alleged that Cooper had "knowingly possessed a firearm . . . *during and in relation to* a drug trafficking crime" (emphasis added).

Cooper argues that mere knowing possession of a firearm "during and in relation to" a drug trafficking crime does not violate § 924(c), unless that possession is in furtherance of a drug trafficking crime. He contends that, because the text of his indictment does not allege the "in furtherance" prong, his indictment improperly combined elements of the two different types of conduct proscribed by § 924(c) and was legally insufficient with respect to the two counts in question.

No. 11-20711

This argument has some support in our caselaw. In *United States v. McGilberry*, we stated that an indictment charging a defendant with a § 924(c) violation for having "knowingly possess[ed] a firearm . . . during and in relation to a drug trafficking crime" was insufficient as it had failed "to list the essential elements of any criminal conduct" under § 924(c). 480 F.3d 326, 328-29 (5th Cir. 2007).

We distinguish this case from *McGilberry*, though, on the basis of the captions in Cooper's indictment, which correctly stated the charged offense conduct as "Possessing a Firearm in Furtherance of a Drug Trafficking Crime." We have previously held that captions can supply an element of a charged offense, such as the location of the offense conduct, when that element is otherwise missing from the text of the indictment. *See United States v. Arteaga-Limones*, 529 F.2d 1183, 1188-89 (5th Cir. 1976). Moreover, "[t]he validity of an indictment is governed by practical, not technical considerations," *United States v. Ramos*, 537 F.3d 439, 459 (5th Cir. 2008) (quoting *United States v. Crow*, 164 F.3d 229, 235 (5th Cir. 1999)), and "[t]he basic purpose behind an indictment is to inform a defendant of the charge against him," *United States v. Hoover*, 467 F.3d 496, 499 (5th Cir. 2006).

To the extent that the descriptions of the charged offense conduct in Cooper's indictment were ambiguous, we hold that any such ambiguity was cured by the captions. As a result, Cooper's indictment, viewed "practical[ly]," *Ramos*, 537 F.3d at 459, contained all the elements of the offenses charged, described them with the requisite particularity, and was specific enough so as to preclude any double jeopardy concerns, *see Threadgill*, 172 F.3d at 366. We decline to reverse Cooper's convictions on Counts 2 and 4.

## B. Constructive amendment of the indictment

### 1. *Standard of review*

4

No. 11-20711

"The Fifth Amendment allows criminal prosecutions only on the basis of an indictment and only a grand jury may amend an indictment." *United States v. Gonzales*, 436 F.3d 560, 577 (5th Cir. 2006). "[A]n action of either the judge or prosecutor [that] allows the jury 'to convict the defendant upon a factual basis that effectively modifies an essential element of the offense charged'" constitutes an improper constructive amendment and is grounds for reversal. *See id.* (quoting *United States v. Holley*, 23 F.3d 902, 912 (5th Cir. 1994)).

### 2. Analysis

The district court's instruction to the jury required that it find that Cooper's possession of a firearm had been "in furtherance of" a drug trafficking offense in order to convict him on Counts 2 and 4. Cooper asserts that this constituted a constructive amendment of his indictment, in light of the text of the indictment that referred to possession of a firearm "during and in relation to a drug trafficking crime." As stated above, we view the indictment as properly setting out the charged offense conduct, *see supra* Part A.2, and as a result we do not view the district court's instruction as deviating from the indictment. Even if it did, "an instruction which does not *broaden* the possible bases of conviction beyond what is embraced in the indictment does not constitute a constructive amendment." *Gonzales*, 436 F.3d at 577. Since the district court's instructions in no way broadened the bases of conviction beyond the indictment, they did not amount to a constructive amendment, and Cooper's argument fails.

## C. Failure to dismiss juror

### 1. Standard of review

"The Sixth Amendment right to an impartial jury requires the exclusion of a potential juror if his 'views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.'" *United States v. Hall*, 152 F.3d 381, 406 (5th Cir. 1998) (quoting *Wainwright v. Witt*, 469 U.S. 412, 424 (1985)). This court reviews a district

5

court's decision on a motion to strike a juror as biased for abuse of discretion only. *Id* at 407.

### 2. *Analysis*

At voir dire, Cooper moved to strike a juror for cause, the district court denied the motion, and it then denied him an additional peremptory strike. In the 1980's, two black men had burgled the juror's home and assaulted his wife. Cooper's counsel questioned the juror as to whether the race of the burglars would impact his treatment of Cooper, who is also black. The juror's response was that he "would try to be impartial." Cooper contends that this answer was equivocal, and he notes that the Ninth Circuit has held similar equivocation to be a basis for a finding of implied bias and reversal of a district court's denial of a motion to strike a juror. *See United States v. Gonzalez*, 214 F.3d 1109, 1114 (9th Cir. 2000).

The district court inquired extensively into any possible prejudices that the juror in question might have had as a result of the burglary incident. During this line of questioning, the juror noted that he had served in the military with blacks and knew that "their blood is red too." He further stated that he always tries to be racially impartial, that he "tr[ies] to live [his] life like that where I don't let [racial bias] enter in," and that he doesn't "care what race it is or what uniform they're wearing, people are people." As a result of this colloquy, the district court declined to strike this juror for cause "because of his sincere and . . . quite credible statements that he did not think [racial animus] would bias him or affect his judgment in any way."

In assessing a motion to strike a juror for cause, the district court's "predominant function in determining juror bias involves credibility findings whose basis cannot be easily discerned from an appellate record." *Wainwright*, 469 U.S. at 429. "[D]eference must be paid to the trial judge who sees and hears the juror." *Id.* at 426. In light of this deferential standard of review and the

No. 11-20711

substantial support in the record for the district court's finding that the juror in question could discharge his duties without bias, we decline to find an abuse of discretion in the district court's denial of Cooper's motion to strike the juror.

### D.  Lesser-included-offense instruction

#### 1.  *Standard of review*

"'Two independent prerequisites' must be met before a defendant is entitled to an instruction on a lesser-included offense: '(1) the elements of the lesser offense must be a subset of the elements of the charged offense; and (2) the evidence at trial must be such that a jury could rationally find the defendant guilty of the lesser offense, yet acquit him of the greater.'" *United States v. Harrison*, 55 F.3d 163, 166 (5th Cir. 1995) (alteration omitted) (quoting *United States v. Browner*, 889 F.2d 549, 550-51 (5th Cir. 1989)).  We review the district court's determination with respect to the first prong of this test *de novo* and its determination with respect to the second prong for abuse of discretion.  *Id.* at 167.

#### 2.  *Analysis*

Cooper proposed a lesser-included-offense jury instruction to the district court on Count 3, which charged him with possession with intent to distribute more than fifty grams of crack cocaine.  His proposed instruction was for simple possession of crack cocaine, which we have held is a lesser-included offense of possession with intent to distribute. *United States v. Lucien*, 61 F.3d 366, 372-74 (5th Cir. 1995).  The district court nevertheless declined to give such an instruction.

The evidence supporting Count 3 included a massive "cookie" of crack cocaine weighing approximately 42 grams and drug manufacturing and distribution paraphernalia, all found at Cooper's house in proximity to firearms. The Government presented unrefuted testimony that an individual dose of crack cocaine is approximately .1 gram, that wholesale dealers typically sell crack

cocaine to street-level dealers in slabs weighing approximately five grams, that the street value of the crack cookie found at Cooper's home was approximately $4,200, and that drug dealers often keep firearms close to their drugs. We have previously found no abuse of discretion in a district court's declining to give a lesser-included-offense instruction for simple possession in a possession-with-intent-to-distribute case where police had found crack cocaine with a street value of approximately $3,000 located in proximity to firearms and cash. *United States v. Harrison*, 55 F.3d 163, 167-68 (5th Cir. 1995). Given the evidence presented at trial, we similarly see no abuse of discretion in the district court's holding that no jury could rationally find Cooper guilty of only simple possession.

**E. Fifth Amendment**

*1. Standard of Review*

We address Due Process concerns arising out of improper statements by the Government at trial using a two-step framework. We first assess whether the Government's statement was improper and then determine whether the statement "prejudiced the defendant's substantive rights." *United States v. Raney*, 633 F.3d 385, 394 (5th Cir. 2011) (quoting *United States v. Munoz*, 150 F.3d 401, 415 (5th Cir. 1998)). "The prejudice determination involves '(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt.'" *Id.* at 394 (quoting *United States v. Tomblin*, 46 F.3d 1369, 1389 (5th Cir. 1995)).

*2. Analysis*

At trial, the Government asked one of its witnesses, a police officer who had been involved in the traffic stop that led to Cooper's arrest, whether he had "ask[ed] Mr. Cooper if he would give you a consent to search" his house. Cooper objected on the grounds that this was an impermissible inquiry into Cooper's invocation of his Fourth Amendment right not to consent to a search, and he now argues that this question requires reversal of his convictions.

No. 11-20711

Assuming that the Government's question, if answered, would have implicated Cooper's substantial rights, *see United States v. Runyan*, 290 F.3d 223, 249 (5th Cir. 2002) (assuming without deciding that a question regarding a defendant's refusal to consent to a warrantless search would raise constitutional issues, and noting that all other circuits who have addressed the issue have held that such a question does), we nevertheless hold that the question did not prejudice Cooper. Cooper's attorney objected before the Government's witness could answer the question, hence the jury never heard whether Cooper had refused permission for a warrantless search. The Government made no further mention of the request that Cooper consent to a warrantless search and certainly made no effort to encourage the jury to draw an inference as to Cooper's guilt on the basis of his refusal to give consent. We have previously held a similar question about a defendant's refusal to give consent for a warrantless search to be harmless error, despite having been actually answered by the witness, where "[t]he prosecution neither commented on [the defendant's] refusal to consent . . . nor asked the jury to draw any inferences from this refusal." *Id.* at 250.

Moreover, the evidence supporting Cooper's convictions was substantial, including as it did large quantities of drugs seized along with firearms and paraphernalia in a valid warrant search. "Strong evidence of guilt can render the admission of evidence regarding a defendant's refusal to consent to a warrantless search 'harmless.'" *Id.* at 250 (quoting *United States v. Moreno*, 233 F.3d 937, 941 (7th Cir. 2000)).

Because of the extremely limited impact of the objected-to question on the trial proceedings and the substantiality of the evidence presented, we conclude that the Government's question did not prejudice Cooper's substantive rights and was, if erroneous at all, harmless error.

9

No. 11-20711

**F. Firearms functionality**

*1. Standard of review*

"When the defendant challenges the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Uvalle-Patricio*, 478 F.3d 699, 701 (5th Cir. 2007) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

*2. Analysis*

Cooper contends that the evidence supporting his convictions on Counts 2, 4, and 5, all relating to his possession of firearms, was insufficient, as the Government introduced no evidence tending to show that the firearms in question were actually capable of firing. The relevant statutory definition of "firearm," though, is "any weapon (including a starter gun) which *will or is designed to or may readily be converted to* expel a projectile by the action of an explosive . . . [or] the frame or receiver of any such weapon." 18 U.S.C. § 921(a)(3) (emphasis added). Under this definition, we have consistently held that inoperable firearms can support convictions equivalent to Cooper's. *See, e.g., United States v. Ruiz*, 986 F.2d 905, 910 (5th Cir. 1993).

The Government presented testimony from a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The agent in question, who was extensively credentialed at trial, testified as to the provenance of the three firearms found in Cooper's house and examined them in open court. The Government also presented evidence that, on the day they were seized, these firearms were found loaded and in proximity to Cooper's drugs and paraphernalia. Based on this evidence, we conclude that a rational jury could find that Cooper did in fact possess "firearms," as defined by § 921(a)(3), and we reject Cooper's challenge to the sufficiency of the evidence on these counts.

No. 11-20711

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.