# THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-20740
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 18, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MIGUEL TREVINO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-83-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

A superseding indictment charged Jose Miguel Trevino with four counts of drug and weapons charges. Trevino pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine (Count 1), conspiracy to use and carry a firearm during and in relation to a drug trafficking crime (Count 3), and aiding and abetting in the use and carrying of a firearm during and in relation to a drug trafficking crime (Count 4). The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced Trevino to a total of 180 months of imprisonment, which included a mandatory consecutive sentence of 60 months of imprisonment on Count 4. Trevino argues that the evidence was insufficient to support his conviction on Count 4 because there was no evidence that he undertook any affirmative action to facilitate or encourage the use or carrying of a firearm.

Because Trevino did not challenge the sufficiency of the evidence below, our review is for plain error. *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). To prevail on plain-error review, Trevino must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If those factors are established, the decision to correct the forfeited error is within the court's sound discretion, which will not be exercised unless the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

In determining whether a district court committed plain error in finding that there existed a sufficient factual basis for the defendant's plea, this court may examine the entire record for facts supporting the guilty plea, including the facts gleaned from the plea agreement and plea colloquy, the factual findings relied upon in the PSR, as well as "fairly drawn" inferences from the evidence presented both post-plea and at the sentencing hearing. *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010). In evaluating whether a Rule 11 error affected a defendant's substantial rights, this court will review the entire record to determine whether there exists a "reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez-Benitez*, 542 U.S. 74, 83 (2004).

To support a conviction under 18 U.S.C. § 924(c)(1)(A), the Government is required to present facts that a defendant used or carried a firearm during

and in relation to a crime of violence or a drug trafficking crime and that the possession of the firearm was in furtherance of that crime. § 924(c)(1)(A); *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir.), *cert. denied*, 2013 WL 3948706 (2013). To support a conviction of aiding and abetting a crime, the Government is required to present facts establishing that a defendant "(1) associated with the criminal venture, (2) participated in the venture, and (3) sought by action to make the venture succeed." *United States v. Lopez-Urbina*, 434 F.3d 750, 757 (5th Cir. 2005) (internal quotation marks and citation omitted). In this case, the Government was required to present facts demonstrating that Trevino "act[ed] with the knowledge or specific intent of advancing the use of the firearm" and that he "performed some affirmative act . . . to facilitate or encourage the use or carrying of a firearm." *See id*. at 758.

The Government proved that Trevino and his codefendant planned to commit an armed robbery of a stash house and that Trevino's codefendant possessed a shotgun in furtherance of that plan. During an initial meeting with an undercover ATF agent, Trevino discussed the logistics of the plan with the agent, which included informing the agent that no one in the targeted stash house would be left alive. He further told the undercover ATF agent that he had experience in executing this type of armed robbery. Trevino also identified his codefendant as his "point man" for the armed robbery operation and introduced him to the undercover ATF agent.

Although there was no evidence that Trevino procured or provided the shotgun to his codefendant, a reasonable inference may be fairly drawn from the facts contained in the record that Trevino organized and planned the robbery of a cocaine stash house and that, in furtherance of the operation, he facilitated or encouraged his codefendant to use or carry a firearm. *See Lopez-Urbina*, 434 F.3d at 758-59. Because the evidence was sufficient to support

No. 12-20740

Trevino's conviction, the district court did not plainly err by accepting his plea to the offense of aiding and abetting the use and carrying of a firearm in relation to the armed robbery. *See Puckett*, 556 U.S. at 135.

AFFIRMED.