# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40848
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TREVOR BOUTTE,

Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-249-1

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Trevor Boutte pleaded guilty to conspiracy to possess, with intent to distribute, cocaine, as well as possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (firearms offense). He challenges only his conviction for the latter. His guilty plea to the firearms offense made him ineligible for a reduction below the statutory mandatory-minimum sentence. He contends the district court erred in accepting his guilty

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

plea to the firearms offense because: the factual basis for his guilty plea was insufficient; and he denies use of the firearms.  (Boutte does not claim the district court misapplied the Sentencing Guidelines.)  Boutte further contends his guilty plea was not knowing and voluntary because he did not understand the legal implications of 18 U.S.C. § 924(c).

Boutte raised these issues in his motion to withdraw his guilty plea and in his objections to the presentence investigation report (PSR); therefore, these issues were preserved for review.  *See, e.g.*, *United States v. Hildenbrand*, 527 F.3d 466, 475 (5th Cir. 2008); *cf. United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc).  The acceptance of a guilty plea is a factual finding reviewed for clear error.  *Hildenbrand*, 527 F.3d at 475.  On the other hand, a defendant's challenge to the legal sufficiency of an undisputed factual basis is an issue of law, reviewed *de novo*.  *See Marek*, 238 F.3d at 315; *United States v. Sylvester*, 583 F.3d 285, 288 n.4 (5th Cir. 2009).  When determining whether the factual basis for a guilty plea is sufficient, the district court must compare the conduct which defendant admits and the elements of the offense. *Marek*, 238 F.3d at 315.  The factual basis must be specific enough for the court to determine defendant's conduct constituted a crime.  *United States v. Castro-Trevino*, 464 F.3d 536, 540 (5th Cir. 2006).  A PSR may be considered "so long as the court indicates on the record that it relies on the PSR".  *Hildenbrand*, 527 F.3d at 475.  To support a conviction under 18 U.S.C. § 924(c)(1)(A), the Government must show defendant used or carried a firearm "during and in relation to" a drug-trafficking crime or possessed a firearm "in furtherance of any such crime".  *United States v. Cooper*, 714 F.3d 873, 877 (5th Cir.), *cert. denied*, 134 S. Ct. 313 (2013).

At the rearraignment hearing, the Government explained the indictment alleged Boutte knowingly possessed five firearms in furtherance of the drug

conspiracy. Boutte admitted he committed the elements of the firearms offense and, obviously, his sworn declarations carry a strong presumption of verity. *United States v. Palmer*, 456 F.3d 484, 491 (5th Cir. 2006).

The district court adopted the PSR, which stated:  Boutte purchased large amounts of cocaine from a cooperating defendant between 2006 and 2009; Boutte contacted the cooperating defendant and asked to buy five kilograms of cocaine; Boutte met the cooperating defendant in a parking lot and paid him $147,520; and the cooperating defendant agreed to deliver the cocaine to Boutte's house.  FBI Agents obtained a search warrant for Boutte's residence and found:  $30,628 in currency wrapped in plastic bags and dryer sheets in a safe, along with several firearms; a loaded semiautomatic firearm in Boutte's briefcase on the kitchen countertop; a semiautomatic pistol in the bottom drawer of a nightstand in the master bedroom; and 3.4 grams of cocaine.

The court found Boutte was in the drug business, he had five firearms in close proximity to 3.4 grams of cocaine and approximately $30,000 in drug proceeds.  Moreover, four firearms were pistols, one pistol was loaded, and all were accessible to Boutte.  These facts taken as a whole provide a sufficient factual basis supporting Boutte's guilty plea for the firearms offense.  *See, e.g.*, *Hildenbrand*, 527 F.3d at 475; *United States v. Ceballos-Torres*, 218 F.3d 409, 412–15 (5th Cir. 2000).

Finally, Boutte contends the district court erred in denying his motion to withdraw his guilty plea.  "[A] district court may, in its discretion, permit withdrawal before sentencing if the defendant can show a 'fair and just reason'".  *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003) (citation omitted).  Defendant "bears the burden of establishing a fair and just reason for withdrawing his plea".  *Id.*  This court reviews the denial of a motion to withdraw a guilty plea for abuse of discretion.  *United States v. McKnight*, 570

No. 13-40848

F.3d 641, 645 (5th Cir. 2009). "A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Mann*, 161 F.3d 840, 860 (5th Cir. 1998).

In ruling on a withdraw-guilty-plea motion, the district court considers seven factors: whether (1) defendant asserted his innocence; (2) withdrawal would prejudice the Government; (3) defendant delayed in filing his motion; (4) withdrawal substantially inconveniences the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) withdrawal wastes judicial resources. *Powell*, 354 F.3d at 370 (citing *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984)). The district court considers the totality of the circumstances in applying these factors, and so, "[n]o single factor or combination of factors mandates a particular result". *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991).

Boutte's vague assertion of innocence, without identifying any specific evidence to support his claim, is insufficient to show the district court erred in denying his motion. *See, e.g., United States v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996). Moreover, the court correctly determined: Boutte delayed in filing the motion to withdraw his plea; he had close assistance of an experienced defense attorney at the time he entered his plea; his plea was knowing and voluntary; and the withdrawal of Boutte's guilty plea would prejudice the Government and waste judicial resources, though it would not inconvenience the court. *See United States v. London*, 568 F.3d 553, 563–64 (5th Cir. 2009); *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994); *McKnight*, 570 F.3d at 646–47.

Boutte has not shown the district court's findings were based on clearly erroneous assessments of the evidence. *See, e.g., United States v. Hughes*, 726 F.3d 656, 662–63 (5th Cir. 2013). Considering the totality of the *Carr* factors,

4

No. 13-40848

the great majority of which weighed against Boutte, the district court did not abuse its discretion in denying Boutte's motion to withdraw his guilty plea.

AFFIRMED.