# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41325
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CELIA RAQUEL ZUNIGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-6-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Celia Zuniga appeals her jury convictions for (1) conspiracy to possess with intent to distribute 100 kilograms or more of marijuana and (2) possession with intent to distribute 100 kilograms of more of marijuana. 21 U.S.C. § 841(a)(1) and (b)(1)(B) and § 846. She also appeals the calculation of her resulting guidelines range sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-41325

Zuniga argues that the district court manifestly abused its discretion by denying her challenges for cause to two potential jury members, Juror 2 and Juror 22, resulting in a jury that was not impartial. She further argues that the district court clearly erred by failing to award her a mitigating role adjustment at sentencing.

The Sixth Amendment guarantees the right to an impartial jury. *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000); *United States v. Cooper*, 714 F.3d 873, 878 (5th Cir. 2013). "The standard for determining whether a proposed juror may be excluded for cause is whether the prospective juror's views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and oath." *United States v. Wharton*, 320 F.3d 526, 535 (5th Cir. 2003) (internal quotation marks and citations omitted). We review a district court's ruling on jury impartiality for manifest abuse of discretion. *Id.* "A district court's erroneous refusal to grant a challenge for cause is only grounds for reversal if the defendant establishes that the jury that actually sat to decide guilt or innocence was not impartial." *Id.* at 535-36.

During voir dire, Juror 2 stated that he could put aside his personal experiences, be impartial, and decide the case based upon the evidence and the law. Similarly, Juror 22 informed the district court that her views or experiences would not impair the performance of her duties as a juror and that she could be fair and impartial. The district court's denial of Zuniga's challenges for cause of Juror 2 and Juror 22 was therefore not a manifest abuse of discretion. *See Wharton*, 320 F.3d at 535; *Cooper*, 714 F.3d at 879. Additionally, even if the district court erred by denying Zuniga's challenges to Juror 2 and Juror 22, Zuniga's conclusional assertions regarding Jurors 17, 25,

and 27 do not establish that the jury that actually sat to decide her guilt or innocence was not impartial. *See Wharton,* 320 F.3d at 535-36.

Zuniga also argues that the district court erred by not granting a minor role reduction pursuant to U.S.S.G. § 3B1.2 (2013). Essentially, Zuniga argues that she was a mere transporter of drugs and therefore she is entitled to minor participant status. As Zuniga preserved this issue in the district court, we review the district court's interpretation or application of the Guidelines de novo and its factual findings regarding offense role for clear error. *United States v. Cisneros-Gutierrez,* 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villanueva,* 408 F.3d 193, 203 (5th Cir. 2005). A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole. *Villanueva,* 408 F.3d at 203.

Trial testimony established that Zuniga was the driver of a vehicle that was laden with 243 kilograms (536 pounds) of marijuana. Although Zuniga set forth a defense of duress, her defense was rejected by the jury and the district court at sentencing. While the full extent of her involvement in the crime is unknown, a defendant's role in the offense "turns upon culpability, not courier status." *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir. 1989). Consequently, drug couriers are not automatically eligible for a reduction of their offense levels under § 3B1.2. *United States v. Edwards,* 65 F.3d 430, 434 (5th Cir. 1995); *United States v. Pofahl,* 990 F.2d 1456, 1485 (5th Cir. 1993). To the contrary, "couriers are an indispensable part of drug dealing networks." *Buenrostro,* 868 F.2d at 138. Zuniga's reliance on her status as a courier fails to establish that she was less culpable than the other offense participants, nor has she established that her involvement in the offense was peripheral to the advancement of the illicit activity. *See* § 3B1.2, comment. (n.5); *Villanueva,* 408 F.3d at 203-04.

No. 13-41325

For the foregoing reasons, the judgment of the district court is AFFIRMED.