# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 6, 2020

Lyle W. Cayce
Clerk

No. 19-10921
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCO ANTONIO ALBITER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-60-1

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

A jury convicted Marco Antonio Albiter of conspiring to possess with intent to distribute a controlled substance (count one), being a felon in possession of a firearm (count two), and possessing a firearm in furtherance of a drug trafficking crime (count three). He received a within-guidelines combined sentence of 235 months on the first two counts and a consecutive 60-month sentence on the firearms count.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10921

In his sole issue on appeal, Albiter asserts that the 20-to-1 multiplier used to convert a quantity of d-methamphetamine hydrochloride (ice) to its converted drug weight for sentencing purposes is not based on scientific principles and suggests that the multiplier is arbitrary.  *See* U.S.S.G. § 2D1.1, comment. (n.8(D)).  He notes that the 20-to-1 multiplier is ten times harsher than the 2-to-1 multiplier used to convert methamphetamine to its converted drug weight.  *See id.*

Because Albiter did not raise this argument before the district court, our review is for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To show plain error, Albiter must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights.  *See id.* If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Albiter's argument fails on plain error review.  That is, because we have not addressed his argument under the precise circumstances presented here, *see United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006), he cannot establish that any error was clear or obvious, *see United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

The record reveals a clerical error in the judgment.  The written judgment provides as to count three that Albiter was convicted of "Possession of a Firearm in Relation to a Drug Trafficking Crime."  *See United States v. Cooper*, 714 F.3d 873, 877 (5th Cir.2013).  Count three of the superseding indictment charged him with possessing a firearm in furtherance of a drug trafficking crime, i.e., conspiracy to possess a controlled substance with intent to distribute as set forth in count one of the superseding indictment, and a jury found him guilty of count three of the superseding indictment.  Thus, the

No. 19-10921

judgment should be corrected to properly identify the offense of conviction on count three.

Albiter's sentence is AFFIRMED. This matter is REMANDED for correction of the clerical error pursuant to Federal Rule of Criminal Procedure 36.