# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 12, 2021

Lyle W. Cayce
Clerk

No. 20-20049
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Harold Chaney,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-672-2

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.
Per Curiam:*

Following a jury trial, Harold Chaney was convicted of one count of conspiracy to commit wire fraud and six counts of aggravated identity theft and aiding and abetting. All seven counts arose from his involvement in a scheme in which he and his coconspirators used others' checking account

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

information to make counterfeit checks, which they used to buy a variety of goods and merchandise including roofing shingles, a pressure washer, a laptop, and a washer and dryer. Now, Chaney argues that the evidence does not suffice to uphold his conviction for conspiracy to commit wire fraud.

When, as is the case here, a sufficiency claim is preserved, review is de novo. *United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013) (citing *United States v. Read*, 710 F.3d 219, 226 (5th Cir. 2012) (per curiam)). Under this standard, the relevant question is whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis omitted) (quoting *United States v. Cooper*, 714 F.3d 873, 880 (5th Cir. 2013)). The evidence is viewed in the light most favorable to the verdict. *United States v. Moreland*, 665 F.3d 137, 149 (5th Cir. 2011) (quoting *United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007)).

The elements of conspiring to commit wire fraud are that at least two people agreed to commit fraud, that the defendant was aware of the unlawful purpose of the agreement, and that the defendant joined the agreement with the intent of furthering the fraud. *United States v. Beacham*, 774 F.3d 267, 272 (5th Cir. 2014) (citing *United States v. Grant*, 683 F.3d 639, 643 (5th Cir.2012)). An agreement to conspire to commit wire fraud "may be inferred from concert of action, voluntary participation may be inferred from a collection of circumstances, and knowledge may be inferred from surrounding circumstances." *Id.* (quoting *United States v. Simpson*, 741 F.3d 539, 547 (5th Cir.2014)).

Trial evidence showed, inter alia, that Chaney spoke numerous times with the individual who stole the checks, that pictures of stolen checks were found on Chaney's phone, that items used to carry out the conspiracy were found in Chaney's home and in a storage unit he frequented, and that Chaney

No. 20-20049

moved stolen objects.  The trial evidence suffices to uphold the verdict.  *See Beacham*, 774 F.3d at 272-76; *Brown*, 727 F.3d at 335.

AFFIRMED.