# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 20, 2021

Lyle W. Cayce
Clerk

No. 21-50095
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SANTOS RODRIGUEZ-RUIZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-368-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Santos Rodriguez-Ruiz appeals his jury trial conviction for illegal reentry following a prior removal. He contends that the evidence was insufficient to support his conviction. Our review is de novo because Rodriguez-Ruiz preserved his challenge to the sufficiency of the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

evidence. *United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013). We must determine "whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (emphasis in original) (quoting *United States v. Cooper*, 714 F.3d 873, 880 (5th Cir. 2013)).

Rodriguez-Ruiz challenges whether the Government proved that: (1) he was an alien at the time of his illegal reentry and (2) he did not obtain the Attorney General's consent to reenter the United States. *See* 8 U.S.C. § 1326(a); *United States v. Martinez-Rios*, 595 F.3d 581, 583 (5th Cir. 2010). The Government presented testimony and documentary evidence that Rodriguez-Ruiz *admitted* that he was a Mexican citizen who was born in Mexico to Mexican parents, and that he had neither sought nor obtained permission to reenter the United States. A rational trier of fact could have found beyond a reasonable doubt that Rodriguez-Ruiz was an alien at the time of his reentry and that he did not obtain the Attorney General's consent to reenter the United States. *See Brown*, 727 F.3d at 335.

Rodriguez-Ruiz also challenges the district court's denial of his collateral attack on his prior removal order. He must demonstrate, among other factors, that "the deportation proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review." 8 U.S.C. § 1326(d)(2). *See also United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1619-21 (2021) (holding alien must demonstrate all three elements of §1326(d)). Rodriguez-Ruiz's brief lacks any meaningful challenge to the district court's determination that he failed to meet this prerequisite. He has therefore abandoned this issue. *See United States v. Reagan*, 596 F.3d 251, 254-55 (5th Cir. 2010).

The judgment of the district court is AFFIRMED.