# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2022

Lyle W. Cayce
Clerk

No. 21-50629
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Gerardo Yuliet Goiburo Martinez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:20-CR-1545-1

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Gerardo Yuliet Goiburo Martinez was convicted by a jury of fraud and misuse of visas, permits, or other documents, in violation of 18 U.S.C. § 1546(a). He was sentenced to five years of probation. On appeal, Goiburo

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50629

Martinez challenges two supplemental jury instructions issued in response to questions from the jury.

We review challenged jury instructions for abuse of discretion. *United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002). "The standard of review . . . is whether the court's charge, as a whole, is a correct statement of the law and whether it clearly instructs jurors as to the principles of the law applicable to the factual issues confronting them." *Id.* (citation omitted). To obtain a conviction under the first paragraph of Section 1546(a), the Government must prove that (1) the defendant, inter alia, knowingly used or possessed (2) a forged, counterfeited, or otherwise falsified immigration document that (3) the defendant knew was false. *See* § 1546(a); *United States v. Uvalle-Patricio*, 478 F.3d 699, 702 (5th Cir. 2007).

The district court's response to the jury's first note was a correct statement of the law, and it tracked the language of the Fifth Circuit's Pattern Jury Instructions. *See* § 1546(a); *Uvalle-Patricio*, 478 F.3d at 702; *see also United States v. Richardson*, 676 F.3d 491, 507 (5th Cir. 2012). The instruction was also responsive to the jury's request for the language of the statute. The district court properly advised the jury that the Government was only required to prove one means of violating the statute. The court did not abuse its discretion by discussing alternative means of committing the charged offense given the discrepancies between the indictment, which listed all seven means of violating the statute, and the initial jury instructions, which included only use and possession as means. *See Daniels*, 281 F.3d at 183; *cf. United States v. Barraza*, 655 F.3d 375, 382 (5th Cir. 2011). Similarly, the district court's response to the jury's third note accurately summarized the law and clearly indicated which of the two means of violating the statute were at issue in the case. *See Uvalle-Patricio*, 478 F.3d at 702; *see also Richardson*, 676 F.3d at 507.

The district court was not required to refer the jury to the original instructions or instruct the jury broadly on the burden of proof because the initial instructions and supplemental instructions should be considered as a whole, and the initial instructions contained detailed charges on the presumption of innocence, the burden of proof, and reasonable doubt. *See United States v. Carter*, 491 F.2d 625, 633 (5th Cir. 1974). The district court's responses to the jury's questions were "correct statement[s] of the law" and "clearly instruct[ed] jurors as to the principles of the law applicable to the factual issues confronting them." *Daniels*, 281 F.3d at 183 (citation omitted).

AFFIRMED.