# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2025

Lyle W. Cayce
Clerk

No. 24-60067
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CLARENCE LAMAR BUCK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:21-CR-92-1

Before HAYNES, HIGGINSON, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Clarence Lamar Buck was convicted by a jury of distribution of methamphetamine and possession of a firearm after a felony conviction. On appeal, he raises three challenges to his firearm conviction. Buck argues there was insufficient evidence to prove that he possessed the firearm found in his motel room. He also contends the district court erred by denying a

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

motion to suppress the firearm and refusing to give a proposed jury instruction concerning joint occupancy.

"A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause requirements." *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002). Buck testified at the hearing on his motion to suppress that he did not consent to a full search of his motel room. Another witness testified to the contrary, however, and the district court found that testimony credible. Viewing the record with due deference to this finding, we conclude the denial of Buck's motion was not erroneous. *See id.*; *United States v. Casteneda*, 951 F.2d 44, 48 (5th Cir. 1992).

This court reviews a preserved sufficiency claim de novo, asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Brown*, 727 F.3d 329, 335 (5th Cir. 2013) (quoting *United States v. Cooper*, 714 F.3d 873, 880 (5th Cir. 2013)). Buck argues the mere presence of a gun in his room was insufficient to prove that he knew of and possessed it. He urges us to discount the testimony of two witnesses, one of whom said he had previously seen Buck with the gun in question. But as that testimony is not incredible, the jury was free to rely on it. *See United States v. Kelley*, 140 F.3d 596, 607 (5th Cir. 1998). This fatally undermines Buck's sufficiency claim. *See id.*; *Brown*, 727 F.3d at 335.

Our review of the district court's refusal to give the proposed jury instruction is for abuse of discretion. *See United States v. Simkanin*, 420 F.3d 397, 410 (5th Cir. 2005). An abuse of discretion occurs only if the proposed instruction: "(1) is substantively correct; (2) is not substantially covered in the charge given to the jury; and (3) concerns an important point in the trial so that the failure to give it seriously impairs the defendant's ability to present effectively a particular defense." *Id.* Buck fails to show that the court's

No. 24-60067

decision seriously impaired his ability to present a defense, and the charge given substantially addressed the issue he raised. This claim is therefore unavailing. *See id.*

For these reasons, the judgment of the district court is AFFIRMED.