**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Robert Joseph ARMSTRONG, aka: Haus; Kingpin; Robby; Rob; Ron, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Rodolfo Velazquez, Defendant—Appellant.**

**United States of America,**
**Plaintiff—Appellee,**

v.

**Javier Alonso Angulo Monzon, Defendant—Appellant.**

Nos. 03–30424, 03–30572, 03–30573.

United States Court of Appeals, Ninth Circuit.

Submitted on briefs May 4, 2005.*

Decided July 11, 2005.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Matthew H. Thomas, Esq., Douglas James Hill, Esq., USTA—Office of the U.S. Attorney, Tacoma, WA, for Plaintiff–Appellee.

Michael Craig Nance, Esq., Law Office of Michael Nance, Helen J. Brunner, Esq., USSE—Office of the U.S. Attorney, Jeff Ellis, Esq., Attorney at Law, Seattle, WA, for Defendants–Appellants.

Before: WALLACE, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Defendant Robert Armstrong appeals his conviction of one count of conspiracy to distribute methamphetamine and one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841 and 846. Defendant Rudolfo Velazquez, Armstrong's co-conspirator, appeals his conviction stemming from the same conspiracy, along with the terms of his supervised release imposed as a result of a separate conviction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. ARMSTRONG

Armstrong argues that the district court erred in refusing to give his proposed theory of defense instruction. While "a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor," *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), Armstrong's proposed instruction was a closing argument rather than an instruction on a recognized defense. The district court's instructions fairly and adequately covered the issues presented and were not erroneous.

Armstrong also argues that the district court erred when it ruled that methamphetamine possession is not a lesser included offense of distribution of methamphetamine and refused to instruct the jury on that charge. An offense is considered a lesser included offense if the elements of the lesser offense are a subset of the charged offense. *Schmuck v. United States*, 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989).

■ The district court correctly concluded that the offense of distribution does not include the element of possession. One can distribute a controlled substance without being in possession of it. *United States. v. Davis*, 564 F.2d 840, 845 (9th Cir.1977) (holding that a doctor who prescribes a controlled substance not pursuant to a legitimate medical purpose can be guilty of distribution simply by "creating the means by which controlled substances can be transferred").

■ Armstrong next argues that the search warrant for his home did not authorize police to search the basement of the house because the basement has a

separate entrance, and is not accessible from within the house itself. His argument fails, however, because his basement is part of his home. *See United States v. Ross,* 456 U.S. 798, 820–21, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) ("[A] lawful search extends to the entire area in which an object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.").

■ Next, Armstrong argues that he should have been given a sentence reduction because at the conclusion of the trial he submitted a letter to the judge, in which he supposedly takes belated responsibility for his actions. A defendant must "clearly demonstrate[ ] acceptance of responsibility for his offense...." U.S.S.G. § 3E1.1(a). Generally, a defendant who proceeds to trial and denies factual elements of guilt will not receive this reduction. *Id.* at § 3E1.1, cmt. n. 2. The district court did not abuse its discretion in denying Armstrong the two point reduction.

Armstrong contends that the district court abused its discretion by not departing downward to avoid a disparity of sentences between similarly culpable co-defendants. The district court recognized that it had discretion to depart downward on this basis, but thought it was not justified in this case. We lack jurisdiction to review the district court's discretionary denial to depart. *See United States v. Linn,* 362 F.3d 1261, 1262 (9th Cir.2004) (per curiam).

■ Finally, Armstrong points out that he received sentencing enhancements as a result of his role in the conspiracy and the amount of drugs distributed based on facts determined by a judge rather than a jury. Such enhancements have been ruled to be unconstitutional by the Supreme Court in

*United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In light of our decision in *United States v. Ameline,* 02–30326, 409 F.3d 1073 (9th Cir. 2005) (en banc), we remand to allow the district court to determine whether a resentencing is necessary.

## 2. VELAZQUEZ

Defendant Velazquez argues that the district court improperly admitted the testimony of Erna Cummings, who testified that during the six-month period prior to Velazquez's arrest, and during the conspiracy, she bought methamphetamine from Velazquez. Whether particular testimony is "other crimes" evidence within the meaning of Rule 404(b) of the Federal Rules of Evidence is reviewed de novo. *United States v. Smith,* 282 F.3d 758, 768 (9th Cir.2002).

■ Cummings's testimony about Velazquez's sales of methamphetamine to her was direct evidence of the conspiracy and thus was properly admitted without limiting instruction. These sales occurred during the time period of the alleged conspiracy, and there was sufficient evidence to link these transactions to the conspiracy as charged.

The district court imposed three special conditions of supervised release on Velazquez.[1] First, he was ordered to participate in a drug and substance abuse rehabilitation program. Second, he was required to provide his probation officer access to any requested financial information. Finally, he was ordered to abstain from the use of alcohol or other intoxicating substances. Velazquez objected to the district court only with regard to the last of these conditions.

---

**1.** These conditions were imposed after Velazquez pled guilty to a separate charge of

illegal re-entry. In this case (03–30573), he was referred to as Javier Monzon.

Conditions of supervised release imposed by the district court are reviewed for an abuse of discretion. *United States v. Wise,* 391 F.3d 1027, 1031 (9th Cir.2004). Review of an issue raised for the first time on appeal is for plain error. *United States v. Jordan,* 256 F.3d 922, 926 (9th Cir.2001).

■ The district court did not commit plain error when, without objection, it required Velazquez to undergo a substance abuse treatment program. Substance abuse treatment is authorized by 18 U.S.C. §§ 3583(d) and 3563(b)(9). It is also reasonably related to Velazquez's criminal history.

■ There is also no plain error in the district court's imposition, without objection, of a requirement that Velazquez submit requested financial information to a probation officer. Velazquez has committed a couple of drug offenses, has no record of assets, and has obtained false identification in the past in order to use a variety of aliases. Furthermore, given that Velazquez was convicted of illegal reentry, this condition may allow probation to better follow his employment and other activities.

■ However, we conclude that the district court erred in imposing, over objection, the requirement that Velazquez abstain from using alcohol and/or other intoxicants. In this case, there is no evidence that Velazquez ever used or abused alcohol, or that alcohol played any role in the commission of his crimes. *See generally, United States v. Johnson,* 998 F.2d 696, 698–99 (9th Cir.1993). We remand with directions to the district court to modify this condition of Velazquez's supervised release to require him only to refrain from excessive use of alcohol and/or other intoxicants.

Because Velazquez was sentenced under the mandatory sentencing scheme that was held unconstitutional in *United States v.*

*Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the government or Velazquez may request on remand that Velazquez be resentenced pursuant to the now advisory sentencing guidelines. If a party so requests and the district court determines that it would have imposed a materially different sentence had it known the Guidelines were advisory, it should hold a new sentencing proceeding. *See United States v. Ameline,* 409 F.3d 1073, 1085 (9th Cir.2005) (en banc).

AFFIRMED IN PART; REVERSED IN PART; REMANDED