# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 16, 2013

Lyle W. Cayce
Clerk

No. 12-50839

UNITED STATES OF AMERICA,

Plaintiff—Appellee,

v.

JUVENAL AMBRIZ,

Defendant—Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before REAVLEY, ELROD, and GRAVES, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Defendant-Appellant Juvenal Ambriz appeals his conviction of a single count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). For the following reasons, we AFFIRM.

I.

On the evening of January 5, 2012, Drug Enforcement Administration (DEA) Agent Jason Cloutier went to Jaguars Gold Club in an undercover capacity.[1] At about 2:00 a.m., Agent Cloutier approached a male patron in the club and indicated that he was looking for some cocaine. The patron sold Agent

---

[1] We describe the facts as presented at Ambriz's trial, viewing them—as we must—in the light most favorable to the verdict. *United States v. Turner*, 319 F.3d 716, 720 (5th Cir. 2003).

Cloutier two small baggies of cocaine in exchange for $40.00. Agent Cloutier noted that the patron was wearing a white hooded sweatshirt and had a thin goatee and small teardrop tattoo on his face. About an hour later, Agent Cloutier and his partner saw the patron get into the passenger seat of a white Chevy Blazer.

Agent Cloutier relayed this information to other officers, who initiated a traffic stop shortly after the Blazer left Jaguars. The officers observed a man with a thin goatee, teardrop tattoo, and white hooded sweatshirt in the passenger seat. Upon inspecting the man's driver's license, the officers identified him as Juvenal Ambriz.[2] A consensual search of Ambriz's person yielded six baggies of similar manufacture, contents, and quantity to the baggies Agent Cloutier had purchased. The deputies seized the cocaine and released Ambriz to preserve the integrity of the undercover operation.

A grand jury indicted Ambriz with a single count of distribution of a controlled substance in violation of § 841(a)(1). The case proceeded to trial on May 16, 2012. Two of the district court's rulings are relevant here. First, the district court denied Ambriz's request for a jury instruction that simple possession of a controlled substance in violation of 21 U.S.C. § 844(a) is a lesser-included offense of distribution of a controlled substance in violation of § 841(a)(1). Second, the district court denied Ambriz's motion in limine to exclude evidence regarding the six baggies of cocaine found on Ambriz's person at the time of his arrest. Ultimately, the jury found Ambriz guilty of distribution of a controlled substance. The district court sentenced Ambriz to 18 months in prison and a three-year term of supervised release. Ambriz timely appealed.

II.

---

[2] At trial, Cloutier identified Ambriz as the man who sold him cocaine in Jaguars. Cloutier also testified that Ambriz's driver's license, which depicted Ambriz with a thin beard and teardrop tattoo, was an accurate representation of what he looked like on the night in question.

On appeal, Ambriz argues that (1) the district court erred when it denied him a lesser-included-offense instruction; and (2) the district court's admission into evidence of the baggies of cocaine violated Rule 403 of the Federal Rules of Evidence. We address each argument in turn.

## A.

Ambriz must satisfy a two-pronged inquiry to demonstrate that he was entitled to a lesser-included-offense instruction.[3] *See United States v. Cooper*, 714 F.3d 873, 879 (5th Cir. 2013); *see also United States v. Browner*, 889 F.2d 549, 550–51 (5th Cir. 1989) (*Browner I*) (citing *Schmuck v. United States*, 489 U.S. 705, 716 (1989)). First, he must show that the elements of simple possession are a "subset" of the elements of distribution. *Cooper*, 714 F.3d at 879. Second, he must show that, based on the evidence presented at trial, a rational jury could have acquitted him of distribution and convicted him of simple possession. *Id.* We review the first prong *de novo* and the second under an abuse-of-discretion standard. *United States v. Finley*, 77 F.3d 250, 256 (5th Cir. 2007).

Our analysis starts and ends with the first prong. In accordance with the Supreme Court's guidance in *Schmuck*, we employ an elements-based test to determine whether the elements of one offense are a subset of the elements of another. *See United States v. Browner*, 937 F.2d 165, 168, 172 (5th Cir. 1991) (*Browner II*) (interpreting *Schmuck* to adopt a "strict statutory elements test"). Thus, we compare "the statutory elements of the offenses in question, and not . . . [the] conduct proved at trial" to determine whether one offense is a subset of the other.[4] *United States v. Estrada-Fernandez*, 150 F.3d 491, 494 (5th Cir.

---

[3] Federal Rule of Criminal Procedure 31(c) provides that a defendant "may be found guilty of . . . an offense *necessarily included* in the offense charged," otherwise known as a lesser-included offense. Fed. R. Crim. P. 31(c) (emphasis added).

[4] For example, we have concluded that simple possession in violation of § 844(a) is a lesser-included offense of possession with intent to distribute under § 841(a)(1), in part because both counts depend on the same term: possession. *See United States v. Deisch*, 20

1998) (quoting *Schmuck*, 489 U.S. at 716–17). In performing this test, we construe the relevant criminal statutes in accordance with ordinary principles of statutory interpretation. *See Carter v. United States*, 530 U.S. 255, 260–61 (2000). For the elements of the lesser offense to be a subset of the charged offense, it must be "impossible to commit the [charged offense] without first having committed the lesser." *Schmuck*, 489 U.S. at 719 (citations omitted).

Here, the offenses at issue are identical except in the obvious respect: one requires possession and the other requires distribution. *Compare United States v. Krout*, 66 F.3d 1420, 1431 (5th Cir. 1995) (explaining that the elements of simple possession of a controlled substance are "(1) the knowing possession (2) of a controlled substance"), *with United States v. Sotelo*, 97 F.3d 782, 789 (5th Cir. 1996) (recognizing that the elements of distribution of a controlled substance are "that the defendant (1) knowingly (2) distributed (3) the controlled substance"). Thus, the central issue is whether one must *necessarily* possess a controlled substance in order to distribute it.

The answer is no. Our precedent demonstrates that "possession" and "distribution," though overlapping, are distinct concepts.[5] "Possession" can be

---

F.3d 139, 152 (5th Cir. 1994), *abrogated on other grounds by Apprendi v. New Jersey*, 530 U.S. 466 (2000) (holding that "simple possession of cocaine, [in violation of] the first sentence of section 844(a), may be a lesser included offense under a charge of possessing cocaine with intent to distribute it [in violation of] section 841(a)(1)"); *see also Finley*, 477 F.3d at 256–57 (acknowledging that possession is a lesser-included offense of possession with intent to distribute, but holding that a district court did not err in refusing to give a lesser-included offense instruction because "[t]he additional element required for a conviction on the greater offense . . . was not in dispute"); *United States v. Lucien*, 61 F.3d 366, 372–74 (5th Cir. 1995) (holding that "under *Deisch* and the statutory elements test, possession of a controlled substance (cocaine, here in the form of cocaine base) in violation of the first sentence of section 844(a) is a lesser-included offense under the superseding indictment in this case"). In *Deisch*, the court emphasized that the offense denounced by the first sentence of § 844(a) includes *"the very same words"* as appear in the possession with intent to distribute clause of § 841(a)(1); naturally, then, it held that simple possession is a subset of possession with intent to distribute and, therefore, a lesser-included offense. *Deisch*, 20 F.3d at 152 (emphasis added).

[5] Ambriz makes an interesting argument that relying on our prior construction of the statutory term "distribution," rather than the text of the statute alone, strays from the statutory-elements test. While his argument is well-taken, it ultimately fails. First, we apply

4

either actual or constructive. *See United States v. Galvan-Garcia*, 872 F.2d 638, 640 (5th Cir. 1989). Constructive possession is the "ownership, dominion, or control over . . . contraband, or . . . dominion over the premises in which the contraband is found." *United States v. Hinojosa*, 349 F.3d 200, 203 (5th Cir. 2003) (citations omitted). "Distribution," on the other hand, includes acts "in furtherance of transfer or sale, such as arranging or supervising the delivery." *United States v. Suarez*, 155 F.3d 521, 525 (5th Cir. 1998) (citing *United States v. Lechuga*, 888 F.2d 1472, 1478 (5th Cir. 1989)).[6] We have held that distribution "is broad enough to include acts that traditionally perhaps would have been defined as mere aiding and abetting." *United States v. Oquendo*, 505 F.2d 1307, 1310 n.1 (5th Cir. 1975). Thus, a defendant can engage in acts of distribution without actually or constructively possessing the relevant contraband.

Our holding in *United States v. Glenn* illustrates this point. There, we upheld a § 841(a) distribution conviction against a defendant who did not possess the contraband at issue:

As discussed above, the testimony of the undercover officer, Delco,

---

ordinary principles of construction in evaluating the statutory elements at issue, *Carter*, 530 U.S. at 260–61, and, therefore, look to our precedent regarding the plain meaning of the text, *United States v. Vargas-Duran*, 356 F.3d 598, 602 (5th Cir. 2004). Second, the rule of orderliness requires us to apply our precedent interpreting the statutory language at issue. *Gochicoa v. Johnson*, 238 F.3d 278, 286 n.11 (5th Cir. 2000) ("When confronting decisions of prior panels[,] we are bound by not only the result but also those portions of the opinion necessary to that result." (internal quotation marks and citation omitted)).

[6] *See also United States v. Olguin*, 643 F.3d 384, 394 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 432; *United States v. Brown*, 217 F.3d 247, 255 (5th Cir. 2000), *judgment vacated sub nom., Randle v. United States*, 531 U.S. 1136 (2001); Pattern Crim. Jury Instr. 5th Cir. 2.87 (2012) ("The term distribute is broader in scope than the term sale, and means to deliver, other than by administering or dispensing." (citation and internal quotation marks omitted)); *cf. United States v. Jackson*, 526 F.2d 1236, 1238 (5th Cir. 1976) (noting that "possession is an element in the substantive charge of either distribution or sale," such that "conviction of sale or distribution would necessarily imply that a defendant could also have been convicted on a possession count," yet concluding that the evidence was sufficient to show distribution because the defendant assisted in arranging the criminal transaction, but insufficient to show possession because the defendant did not help obtain or exercise control over the contraband).

combined with the tape recording of the March 18th sale of seven rocks of crack, sufficiently supports that Terry constructively delivered the crack through Glenn by instructing him to sell to Delco. Delco also testified that she paged Terry several times on March 22, 1991, and that she spoke with Anthony Moore and Terry about purchasing another $100 worth of crack. From the last recorded telephone call between Terry and Delco, Delco interpreted Terry's statements to mean that Terry had arranged for someone to sell her the crack because he was very busy at the time. He then put someone else, Byron Rice, on the telephone to speak with her. Rice actually sold Delco the crack later that night and indicated to her that he worked for Terry. This evidence was sufficient to show the constructive delivery of crack by Terry through Rice, thus supporting Terry's distribution conviction.

No. 93-4311, 1994 WL 24871, at *2 (5th Cir. Jan. 10, 1994) (unpublished but persuasive).[7] Similarly, this court has upheld § 841(a) distribution convictions against physicians who have prescribed, but not actually or constructively possessed, the controlled substance at issue. *See, e.g.*, *United States v. Rosen*, 582 F.2d 1032, 1034–36 (5th Cir. 1978) (upholding a distribution conviction against a physician who advised his patients to fill prescriptions at different drug stores); *cf. United States v. Harrison*, 651 F.2d 353, 354–55 (5th Cir. 1981) (upholding a distribution conviction against a physician who "would make up fictitious names for prescriptions, or ask the 'patient' to supply him with names to be used" at the pharmacy).

Moreover, we recently reached the same conclusion in a different context. In *United States v. Woerner*, we evaluated whether possession of child pornography is a lesser-included offense of distribution of child pornography. 709 F.3d 527 (5th Cir. 2013). As here, the central question was whether distribution necessarily required possession. We said no:

---

[7] In *Glenn*, the government charged the defendant with distribution regarding some criminal transactions and possession with intent to distribute regarding others. *Id.* at *1. That the government charged the defendant with distribution, and not with a possession-related offense, regarding the above-described transaction further reinforces the difference between the two counts. *Id.*

A defendant need not possess child pornography to distribute it, [*United States v. Chiaradio*, 684 F.3d 265, 280 (1st Cir. 2012)] ("One can envision circumstances in which an individual could be guilty of distribution without ever obtaining possession of (or even coming into contact with) the contraband. For example, the broker of a deal between a person who has child pornography and a person who wishes to procure it may be guilty of distribution but not guilty of possession."), and, *vice versa*, a defendant need not distribute child pornography to possess it, *United States v. Goluba*, 672 F.3d 304, 307 (5th Cir. 2012) ("[T]he forensic analysis of [the defendant]'s computers 'revealed that [he] did not distribute his collection of child pornography.'"). For that reason, we join the First and Seventh Circuits in holding that possession of child pornography is not the lesser-included offense of distribution of child pornography . . . .

*Id.* at 539 (internal citations omitted).

For all of these reasons, we join the Sixth, Seventh, and Tenth Circuits in concluding that simple possession of a controlled substance in violation of § 844(a) is not a lesser-included offense of distribution of a controlled substance in violation of § 841(a)(1). *See United States v. Colon*, 268 F.3d 367, 377 (6th Cir. 2001) ("We agree with the reasoning of [other circuit] courts and now join them in holding that simple possession is not a lesser-included offense of distribution of a controlled substance. . . . [I]t is possible to commit the "distribution" element of the crime without possessing the drugs themselves."); *United States v. Barrientos*, 758 F.2d 1152, 1158 (7th Cir. 1985) ("The judge in this case found that there was insufficient evidence on which to base an instruction on possession. This finding accords with the general understanding that possession is not a necessary element of a distribution charge."); *United States v. Jackson*, 213 F.3d 1269, 1296–97 (10th Cir. 2000), *judgment vacated on other grounds*, 531 U.S. 1033 (2000) ("[I]t does not follow that simple possession is a lesser included offense of distribution under 21 U.S.C. § 841(a)(1). . . . Although it may be unusual for a person to distribute a controlled substance without at least

momentarily possessing the controlled substance, it is not impossible.").[8] Accordingly, the district court did not err in denying Ambriz's request for a lesser-included offense jury instruction.[9]

### B.

Ambriz next challenges the district court's admission of six baggies of cocaine into evidence under Federal Rule of Evidence 403.[10] We review alleged

---

[8] The Fourth Circuit reached the same conclusion in a case that was vacated for other reasons. *See also United States v. Rideout*, 80 F. App'x 836, 841 (4th Cir. 2003), *judgment vacated on other grounds*, 543 U.S. 1116 (2005) (unpublished but persuasive) ("As many courts have held, the elements of simple possession are not a subset of the elements of distribution . . . . We agree with this analysis and hold that the district court correctly concluded that simple possession is not a lesser included offense of distribution.").

Moreover, other circuits—specifically the First, Second, and Ninth—have held that the government need not demonstrate possession to succeed on a distribution claim. *See, e.g.*, *United States v. Sepulveda*, 102 F.3d 1313, 1317 (1st Cir. 1996) ("While 'possession' is certainly helpful in proving distribution, it is technically not a necessary element . . . ."); *United States v. Gore*, 154 F.3d 34, 44–45 (2d Cir. 1998) ("Someone who participates in a drug transaction—e.g., as a broker or armed guard—can be liable for distribution without ever possessing the drugs. . . . While 'possession' is certainly helpful in proving distribution, it is technically not a necessary element."); *United States v. Armstrong*, 138 F. App'x 953, 955 (9th Cir. 2005) (unpublished but persuasive) ("The district court correctly concluded that the offense of distribution does not include the element of possession. One can distribute a controlled substance without being in possession of it." (citing *United States v. Davis*, 564 F.2d 840, 845 (9th Cir. 1977))).

We note that the Eighth Circuit takes the opposite approach regarding whether simple possession is a lesser-included offense of distribution. *See United States v. Klugman*, 506 F.2d 1378, 1380–81 (8th Cir. 1974) (concluding that simple possession is "presumptively necessarily included within" distribution, but affirming the district court's denial of a lesser-included instruction because "for the jury to convict of the lesser offense, possession, it would have to ignore the undisputed evidence of actual distribution"). The Third Circuit may also take the opposite approach, but this is less clear. A comment in the Third Circuit's pattern criminal jury instructions suggests that possession is a lesser-included offense of distribution, but the case cited in support of the proposition addresses a different issue: whether simple possession in violation of § 844(a) is a lesser-included offense of possession with intent to distribute in violation of § 841(a)(1). *See* Third Circuit Pattern Jury Instruction 6.21.841B (citing *United States v. Lacy*, 446 F.3d 448 (3d Cir. 2006)).

[9] This holding squares with our double-jeopardy precedent. *See United States v. Costello*, 483 F.2d 1366, 1368 (5th Cir. 1973).

[10] On appeal, Ambriz also asserted that the admission of this evidence violated Federal Rule of Evidence 404(b). At oral argument, however, Ambriz conceded that the evidence was intrinsic to the alleged criminal conduct and, therefore, Rule 404(b) did not apply. *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005) (noting that evidence is intrinsic when

Rule 403 violations for clear abuses of discretion. *United States v. Williams*, 620 F.3d 483, 492 (5th Cir. 2010). A district court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403. The standard of review for an alleged Rule 403 violation is "especially high and requires a clear abuse of discretion for reversal." *Williams*, 620 F.3d at 492 (internal quotation marks and citation omitted). "Any error in admitting such evidence is subject to harmless error review, and reversal is not required unless there is a 'reasonable possibility that the improperly admitted evidence contributed to the conviction.'" *Id.* at 492 (quoting *United States v. Mendoza-Medina*, 346 F.3d 121, 127 (5th Cir. 2003)).

In the instant case, two deputies found six baggies of cocaine on Ambriz's person. Both the baggies themselves and their contents were similar to those Agent Cloutier purchased from Ambriz on that same evening. Considering that Ambriz's identity was at issue, any prejudice attributable to these baggies is outweighed by their probative ability to link Ambriz to Agent Cloutier's purchase. Therefore, the district court did not abuse its discretion when it admitted them into evidence.

III.

For the above-stated reasons, we AFFIRM.

---

it is "inextricably intertwined" with the crime charged, or "both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged" and indicating that "[i]ntrinsic evidence is generally admissible, and its admission is not subject to rule 404(b)").