# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50483
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JIMMY DON HARDIN,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-21-1

Before BARKSDALE, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

In January 2014, Jimmy Don Hardin was indicted for, *inter alia*: conspiracy to possess, with intent to distribute, 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A) (count one); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (count two); possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (count three); and being a felon

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count four).  Prior to trial, the Government filed notice, pursuant to 21 U.S.C. § 851, of its intent to seek an enhanced penalty, based on Hardin's prior state-law conviction for manufacturing a controlled substance.  In February 2015, a jury convicted Hardin on all counts.

Hardin's presentence investigation report (PSR) reflected the enhanced penalty.  In objecting to the PSR, Hardin asserted the Government's § 851 notice was deficient because it incorrectly listed the date of his state-law conviction.  Consequently, the Government filed an amended notice, stating its original notice listed Hardin's state-law conviction date as 15 June 2007 (the date of his probation revocation), but the correct date was 27 May 2005.  The Government noted, however, that the original notice contained "the correct court, cause number, and offense".  The district court overruled Hardin's objection, and sentenced him to, *inter alia*:  300 months' imprisonment for count one; 120 months' imprisonment for counts three and four, to run concurrently;  and 60 months' imprisonment for count two, to run consecutively to the other counts.

In challenging his conviction and sentence, Hardin contends:  the court erred in failing to give certain jury instructions at trial; his sentences on counts two, three, and four violate the double-jeopardy clause of the United States Constitution, because they all involve the same firearm; and the court erred in overruling his objection to the Government's § 851 notice.

Hardin presents two jury-instruction challenges.  The first challenge, regarding the court's failing to charge the jury on multiple conspiracies, is waived due to inadequate briefing because Hardin does not discuss or cite any trial evidence in support of his assertions that the jury could have found multiple or separate conspiracies or a buyer-seller relationship.  *See* Fed. R.

No. 15-50483

App. P. 28(a)(8)(A); *United States v. Reagan*, 596 F.3d 251, 254–55 (5th Cir. 2010); *United States v. Stalnaker*, 571 F.3d 428, 439–40 (5th Cir. 2009). And, Hardin concedes his second challenge, regarding the court's failing to charge the jury on a lesser-included offense, is foreclosed by our precedent. *See United States v. Ambriz*, 727 F.3d 378, 384 (5th Cir. 2013).

Hardin's double-jeopardy claim on appeal differs from his contentions in district court; therefore, as he concedes, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Hardin must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The court's imposing multiple sentences for counts two, three, and four (the firearm counts, which involved the same firearm) was not clear-or-obvious error. The double-jeopardy clause bars the imposition of multiple sentences in a single trial for the same offense, unless Congress clearly indicated its intent to punish the same offense under different statutes. *United States v. Severns*, 559 F.3d 274, 282–83 (5th Cir. 2009). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not". *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Hardin does not dispute each of his firearm convictions requires proof of a unique element, and he does not attempt to demonstrate that Congress intended for his offenses to merge into a single offense. *See id.*; *United States v. Berry*, 977 F.2d 915, 917–20 (5th Cir. 1992).

No. 15-50483

Finally, Hardin's claim regarding the sufficiency of the enhancement information under § 851 fails.  Even assuming, *arguendo*, the Government's use of the wrong date in its original notice amounted to more than a clerical error, Hardin does not show he was misled or prejudiced by such a discrepancy. *See United States v. Wallace*, 759 F.3d 486, 495–96 (5th Cir. 2014); *United States v. Steen*, 55 F.3d 1022, 1025–28 (5th Cir. 1995).

AFFIRMED.