IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 18-60160
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2018

Lyle W. Cayce
Clerk

RONALD STAFFORD,

      Plaintiff - Appellee

v.

LAMORAK INSURANCE COMPANY, formerly known as One Beacon
America Insurance Company,

      Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CV-414

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

      In 2012, a driver rear-ended the county-owned vehicle that Ronald
Stafford was in while spraying weeds for his employer. Stafford was similarly
rear-ended in 2014. Stafford filed separate lawsuits for the accidents. In this
case, which involves the first accident, Stafford settled with the insurer of the

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-60160

driver that hit him. But his claims for underinsured motorist coverage against his insurer GEICO and Pearl River County's insurer Lamorak culminated in a three-day trial. The jury awarded Stafford over $1 million in economic and noneconomic damages. Only Lamorak appeals. It argues that a new trial is warranted because a jury instruction was misleading, the award of economic damages went against the overwhelming weight of the evidence, and the district court improperly excluded references to Stafford's other lawsuit.

## I.

A district court may grant a new trial in order to prevent injustice. FED. R. CIV. P. 59(A)(1). The district court's refusal to do so is reviewed for a "clear showing of an abuse of discretion." *Seibert v. Jackson Cnty, Miss.*, 851 F.3d 430, 438 (5th Cir. 2017). This deference flows from the district court's "first-hand experience" with the trial. *Dawson v. Wal-Mart Stores*, 978 F.2d 205, 208 (5th Cir. 1992).[1]

## A.

Lamorak faces an even more daunting standard of review because it did not preserve all of the grounds on which it seeks a new trial. For example, Lamorak failed to object to the jury instructions at the charge conference as the rules require. FED. R. CIV. P. 51(B)(2), (C)(2)(A). Our review is accordingly only for plain error. FED R. CIV P. 51(D)(2). That means we can only correct an error if it is plain, affects substantial rights, and undermines the fairness, integrity, or public reputation of judicial proceedings. *See Jimenez v. Wood Cnty, Tex.*, 660 F.3d 841, 845 (5th Cir. 2011) (en banc).

---

[1] Lamorak argues that Mississippi law governs the new trial motion in light of *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 419 (1996). The cases it cites involve efforts to seek remittitur or additur of damages as opposed to a new trial. *See, e.g., Foradori v. Harris*, 523 F.3d 477, 498 (5th Cir. 2008). In any event, Lamorak does not identify any difference between the federal standard for granting a new trial and Mississippi's, which copies the federal rule. *See* MISS. R. CIV. P. 59(A).

No. 18-60160

To Lamorak, the jury's giving Stafford everything he asked for means it must have been unable to apportion damages between the 2012 and 2014 accidents. It further speculates that this inability to apportion led the jury to award the combined damages for this one incident. According to Lamorak, the cause of this supposed mistake is the following instruction:

> Plaintiff is not entitled to damages from Defendants for any injuries which existed prior to the [2012 accident]. If you find that the . . . 2012 accident caused any aggregation of any preexisting injury . . . , Defendants bear the responsibility for the portion of the injury or the aggravation of the injury that the . . . 2012 accident caused. Where you the members of the jury cannot apportion the damages between [Stafford's] preexisting condition and the . . . 2012 accident, then in that case Defendants may be liable for *the whole amount of damages* on the basis that one who injures another suffering from a preexisting condition *is liable for the entire damage* when no apportionment can be made between the preexisting condition and the damage caused by the [2012] accident . . . Thus the Defendants must take [Stafford] as they find him. (emphases added).

The language of the instruction rejects Lamorak's theory. It addresses apportioning damages between injuries caused by the 2012 accident and preexisting ones; later injuries are not mentioned. Maybe the court should have expressly noted that this instruction was not addressing the 2014 accident, but Lamorak never asked for that clarification. Because nothing the instruction says is incorrect, it is not an error, let alone an obvious one.

B.

Lamorak also failed to preserve its second ground for a new trial: that the award of economic damages (about half of the total award) went against the overwhelming weight of the evidence because Stafford's experts did not isolate damages to those caused by the 2012 accident. [2] Although it moved for

---

[2] Lamorak contends the jury awarded $37.79 more than the economic damages Stafford sought. Both sides agree that Stafford sought $539,468.21 in lost wages and

a directed verdict at the close of Stafford's case-in-chief, Lamorak did not renew that motion after the verdict nor did it cite problems with the expert testimony as a ground for new trial. Because the trial court never had the opportunity to consider whether alleged problems with the expert testimony justified a new trial, there is no exercise of discretion for us to review. *See Wellogix, Inc. v. Accenture, L.L.P.*, 716 F.3d 867, 878 (5th Cir. 2013) (holding that an argument neither contained in a new trial motion nor presented to the district court otherwise is not preserved). Lamorak's failure to ask the district court for a new trial on this ground thus likely bars us from considering that argument in the first instance.[3]

In any event, the verdict was not against the "great weight of the evidence." *See Seibert*, 851 F.3d at 439. Lamorak makes much of an assumption from Stafford's economist that the 2012 trial caused nearly all of Stafford's lost wages and benefits. But the economist's testimony is consistent with Stafford's medical expert, who testified that Stafford's employment limitations were primarily caused by the first accident, though the second accident did increase his pain levels. Lamorak did not present a medical expert to counter this testimony, nor did it present its own damages expert. Similarly, Lamorak's various attacks on the vocational expert's testimony do not cast

---

benefits plus $32,884.51 for past medical bills. The sum of these two numbers is $572,352.72, meaning that the jury actually awarded Stafford $37.79 *less* than the economic damages he sought.

[3] Our caselaw is inconsistent on whether failure to renew postverdict a Rule 50(b) motion for judgment as a matter of law forecloses an appeal or just results in plain error review. *Compare McLendon v. Big Lots Stores, Inc.*, 749 F.3d 373, 375 n. 2 (2014), *with Shepherd v. Dallas Cnty.*, 591 F.3d 445, 456 (5th Cir. 2009); *see also Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006). It seems even more of a stretch to seek a new trial on appeal that was not presented postverdict to the trial court given the discretionary nature of a new trial request. Indeed, Lamorak cites no case that allows us to review, even under plain error, an unpreserved claim seeking a new trial on the ground that the verdict went against the overwhelming weight of the evidence the trial court heard.

No. 18-60160

significant doubt on the verdict.  Nor does its argument that Stafford used medical records from the second accident.[4]  Even if the damages award was debatable, as is usually the case, the jury's award was not against the great weight of the evidence.

## C.

Lamorak's final argument for a new trial was at least preserved.  It argued both pretrial (in opposing a motion in limine) and in its new trial motion that the district court should not have excluded testimony that Stafford had filed a lawsuit seeking damages for the second accident.  As we have already alluded to, much of the trial focused on whether the first or second accident was responsible for Lamorak's injuries.  But the district court granted a limine motion to exclude evidence that Stafford had filed a suit relating to the second accident.  In that pretrial ruling, the court concluded that the second lawsuit was "not relevant to the instant litigation and could mislead or confuse the jury and unduly prejudice Plaintiff."  Yet the court did not impose a blanket ban on mentioning the second trial.  It permitted the impeachment of Stafford based on any inconsistent statements made in the other litigation.  In rejecting this evidentiary ruling as a basis for a new trial, the district court cited Federal Rule of Evidence 403 and concluded that evidence of the second lawsuit would be irrelevant and risked being unfairly prejudicial.

A district court's balancing of Rule 403 factors is reviewed for clear abuse of discretion.  *United States v. Ambriz*, 727 F.3d 378, 385 (5th Cir. 2013).  Lamorak thus carries the burden of showing not only that the district court's evidentiary ruling was a clear abuse of discretion, but that it was so obviously

---

[4] Lamorak points us to Exhibit P-1, which is just pictures of the accident.  It seems that it meant P-18, a nearly 50 page compilation of medical records.  Though some records are dated after the 2014 accident, nothing establishes that they were medical expenses directly attributed to that accident.

improper that a failure to grant a new trial on that basis would itself be an abuse of discretion. Lamorak cannot get over these hurdles. It may have been reasonable to allow discussion of the second lawsuit. *See Brake v. Speed*, 605 So.2d 28, 34 (1992) (finding no abuse of discretion in the trial court allowing discussion of a second lawsuit in a similar case). But that does not mean it was unreasonable to draw the Rule 403 line where this trial judge did: defense counsel could fully explore the second *incident* and impeach based on inconsistent statements from the second *lawsuit*,[5] but otherwise could not refer to the second lawsuit. References to a second lawsuit with similar facts could have confused the jury or led it to improperly believe that Stafford would be well-compensated for his injuries regardless of its verdict. The court did not abuse its considerable discretion in making this evidentiary ruling.

* * *

The judgment is AFFIRMED.

---

[5] Lamorak chose not to take this impeachment option, despite noting in its opposition to the limine request that Stafford claimed in the second suit that the defendants were the "sole cause" of "his serious and permanent injuries."

**6**